## Kuhn v. Bonneauville Borough Municipal Authority

*Daniel E. Teeter,* for plaintiff.
*Gary E. Hartman,* for defendant.

SPICER, *P.J.,* March 4, 1981—Bonneauville Borough Municipal Authority condemned for use as a sewage treatment plant 4.7211 acres situate in the Borough of Bonneauville and owned by Eva A. Kuhn. A jury fixed just compensation after a trial held July 2, 1980 and July 3, 1980. Post-verdict

motions were timely filed and are now ready for disposition.

The post-verdict motions originally raised two issues but only one has been preserved. That issue concerns the court's instructions to the jury regarding burden of proof.

The court instructed the jury that neither party had the burden of proving just compensation and that the jury had to determine just compensation based upon credibility, common sense, and the jury's judgment and reasoning. However, the court also told the jury that if either party made a contention as to the status of the property, the burden would be on that party to prove its contention.

At the conclusion of the instructions, the condemnor excepted to the instruction that there was no general burden of proof and argued that the condemnee had the burden of proving just compensation.

Jurisdictions are divided on the question of which party, if either, has a burden of proving just compensation. Some jurisdictions place the burden on the condemnee, others on the condemnor. A third group holds that neither party has a burden and that is the position espoused in the Uniform Eminent Domain Code, 13 U.L.A. §904; 27 Am.Jur. 2d, Eminent Domain §419.

Aside from requiring the condemnor to present expert testimony on the amount of damages in section 702, the Eminent Domain Code of June 22, 1964, P.L. (Sp. Sess.) 84, 26 P.S. §1-101 et seq., contains no provisions regarding burden of proof. Furthermore, to our knowledge, no Pennsylvania appellate court has decided the precise issue before us.

A line of cases decided before the Eminent Domain Code, supra, has held that an owner must

prove not only the amount of consequential damages but also that the damages were the direct, immediate, necessary, and unavoidable consequence of making an improvement on an adjoining property pursuant to a public taking: Lizza v. Uniontown City, 345 Pa. 363, 28 A. 2d 916 (1942).

Whether these cases would be followed today is something we need not consider. We are dealing with a direct, not a consequential, taking. In this regard, we consider the opinion of Morrissey v. Department of Highways, 424 Pa. 87, 225 A. 2d 895 (1967), as pertinent.

In Morrissey, the lower court instructed the jury that the condemnee had the burden of proving that the amount of damages was greater than the Commonwealth's evidence showed. This was reversed. The Supreme Court said that a condemnee still has a burden to prove that the value of their property had been impaired by the taking but that this did not mean that the burden extended to prove damages by the weight of the evidence.

Although the Supreme Court did not precisely say that neither party had a burden of proving the amount of damages, we feel there is no other reasonable interpretation of its opinion.

In review, we are satisfied that our instruction was correct. We told the jury that the condemnee had the burden of proving her contentions as to the effect of the taking. She maintained, for example, that she had lost a valuable grove of veneer logs because of the taking. We instructed the jury she had to prove this. However, the amount of just compensation was something neither party had the burden of proving.

For reasons expressed herein, the attached order is entered.

## ORDER

And now, March 4, 1981, the post-trial motions filed by condemnor are dismissed.